UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL HANSON,

                                Plaintiff,

                                                                         DECISION AND ORDER

                                                                         06-CV-6287L

                  v.

STATE OF NEW YORK, et al.,

                                Defendants.
_____

      This is an action brought by an inmate in the custody of the New York State Department of Correctional Services ("DOCS") against the State of New York ("State"), DOCS, and several DOCS officials and employees, alleging claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and other claims under federal and state law.

      On July 14, 2006, plaintiff's counsel filed affidavits of service indicating that he had served the State, DOCS, and defendant Glen S. Goord, in his official capacity as Commissioner of DOCS (collectively, "the moving defendants"), by means of service of the summons and complaint on New York State Assistant Attorney General Gary M. Levine, Esq. ("Levine"). (Dkt. ##5-7). On August 16, 2006, plaintiff filed a request with the Clerk of the Court ("Clerk") for the entry of default against the moving defendants, on the ground that the moving defendants had failed to respond to

the complaint. (Dkt. #8). The Clerk entered default against the moving defendants on August 18, 2006. (Dkt. #10).

On August 21, 2006, the moving defendants filed a motion to vacate the Clerk's entry of default. In support of that application, Levine states in a sworn declaration that although he received the summons and complaint in this action, he is not authorized to accept service on behalf of any of the defendants in this case. Dkt. #12 ¶ 3. Levine contends that the Court lacks personal jurisdiction over the moving defendants because they have not been properly served. In the alternative, he requests that the default be vacated inasmuch as the default was not willful and there has been no prejudice to plaintiff.[1]

**DISCUSSION**

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Plaintiff does not contend that he has delivered a copy of the summons and complaint to the chief executive officer of the State or DOCS. Therefore, for service to be valid, the Court must find that plaintiff complied with the method of service prescribed by New York law.

---

[1] According to Levine, the other named individual defendants were personally served by mail and, pursuant to their request, the New York State Attorney General's Office has undertaken their defense and filed answers on their behalf.

New York Civil Practice Law and Rules § 307(1) provides that "[p]ersonal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." "This general rule prescribing the means of service upon the state is qualified, however, by CPLR § 307(2), which governs suits in which either a state officer has been sued solely in an official capacity, or ... a state agency has been sued." *Berkowitz v. New York City Bd. of Educ.*, 921 F.Supp. 963, 967 (E.D.N.Y. 1996). That subsection provides in part that

> [p]ersonal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section.

Applying these provisions, both state and federal courts have held that service upon an assistant attorney general is **not** sufficient to confer jurisdiction over a state agency or official, even if the assistant attorney general represents that he is authorized to accept service on their behalf. *See, e.g.*, *Berkowitz*, 921 F.Supp. at 968; *Van Bremer v. Selsky*, 293 A.D.2d 901, 901 (3d Dep't 2002); *Taylor v. Poole*, 285 A.D.2d 769, 770 (3d Dep't 2001); *Standifer v. Goord*, 285 A.D.2d 912, 912 (3d Dep't 2001). Thus, service on Levine or the Attorney General's Office does not suffice to establish personal jurisdiction over DOCS or Goord.

Section 307(2) also provides that "[f]or purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section." This provision has been construed to mean that "service on the Attorney General is insufficient to confer

personal jurisdiction over the State in a case against one of its agencies or subdivisions." *Arons v. State of New York*, No. 04 Civ. 0004, 2004 WL 1124669, at *3 (S.D.N.Y. May 20, 2004). Jurisdiction over the State is therefore lacking as well.[2] The moving defendants are thus not in default, and the Clerk's entry of default must be vacated.[3]

**CONCLUSION**

Defendants' motion to vacate the Clerk's entry of default (Dkt. #11) is granted, and the default entered on August 18, 2006 (Dkt. #10) is hereby vacated.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 26, 2006.

---

[2] In any event, plaintiff's claims against both the State and DOCS appear to be barred by the Eleventh Amendment, which "bars suits [against a state] that seek either money damages or injunctive relief." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001); *see Germany v. N.Y.S. D.O.C.S.*, No. 03 Civ. 148, 2003 WL 22203724, at *6 (S.D.N.Y. Sept. 22, 2003) ("'An official arm of the state,' such as the New York State Department of Corrections, 'enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself'") (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999)); *see also Santiago v. New York State DOCS*, 945 F.2d 25, 32 (2d Cir. 1991) ("a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly, even though in reality the suit is against the state"), *cert. denied*, 502 U.S. 1094 (1992).

[3] Even if the Court had personal jurisdiction over the moving defendants, I would grant the motion to vacate the entry of default, given the Second Circuit's "strong preference for resolving disputes on the merits," *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (internal quotes omitted), the Court of Appeals' admonition that "defaults are generally disfavored and are reserved for rare occasions ...," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), and the apparent lack of bad faith or prejudice here.